Bettina B. Plevan
Steven D. Hurd
Rachel S. Fischer
P. Kramer Rice
PROSKAUER ROSE LLP
Eleven Times Square
New York, NY 10036
(212) 969-3000
*Attorneys for Defendant*
*Columbia University*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------- X

ENRICHETTA RAVINA,

                Plaintiff,

          -v-

COLUMBIA UNIVERSITY AKA THE
TRUSTEES OF COLUMBIA UNIVERSITY IN
THE CITY OF NEW YORK AND GEERT
BEKART,

                Defendants.

-------------------------------------------------------- X

Civ. No. 1:16-cv-02137 (RA)

ECF Filing

**MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S
<u>MOTION *IN LIMINE* NO. 8 REGARDING SECRET TAPE RECORDINGS</u>**

## INTRODUCTION

As Plaintiff Enrichetta Ravina has admitted, between the winter of 2015 and the spring of 2016, she made dozens of secret tape recordings of the conversations she was having with Columbia personnel and administrators.  (Plaintiff's Motion *In Limine* No. 8 ("MIL"), Ex. A, Ravina Deposition ("Pl. Dep.") at 98:6-99:14.)  Ravina made these recordings because she felt "nothing was happening [regarding her complaints]" and she wanted "to document what was going on."  (*Id.* at 104:4, 106:19.)  Ravina has explained that she did not tell the individuals with whom she was speaking that she was recording them because she believed it would ensure that they were "sincere" and that she "was under the belief that they would stand by anything that they were saying and they shouldn't be upset."  (*Id.* at 101:14-16, 107:6-8.)  In sum, she claims to have created a record of the conversations she was having with Columbia personnel and administrators because she believed the commentary was relevant to her complaints.

In a sudden about-face, Ravina now contends that the recordings are not relevant and that Defendants Columbia and Professor Bekaert ("Defendants") should be precluded from "referring in any way" to the number of recordings she made.  (MIL at 1.)  Yet the relevance of the recordings is not a matter of Ravina's shifting choice.  Ravina created and saved the recordings with the express intent of documenting Columbia's response to her complaints—complaints that specifically formed the basis of the claims before this Court.  The jury is also entitled to infer from her conduct that, as early as 2015, Plaintiff's every email and conversation was calculated and designed to create a record for litigation and not a sincere, honest description of facts.  The recordings, and the total number of them, are thus directly relevant to the claims Ravina now seeks to raise before the jury, and they are an integral part of the series of events that led to her

filing a Complaint against Defendants.  Ravina has totally failed to demonstrate how the mere

reference to the number of recordings she made—a cold, hard fact—would be improper.

## ARGUMENT

Under Rule 401 of the Federal Rules of Evidence, evidence is relevant if "(a) it has any

tendency to make a fact more or less probable than it would be without the evidence; and (b) the

fact is of consequence in determining the action."  Fed. R. Evid. 401.  "If an item of evidence

tends to prove a fact that is of consequence to the determination of the action, it is relevant."

*Arlio v. Lively*, 474 F.3d 46, 52 (2d Cir. 2007) (quoting 2 Jack B. Weinstein & Margaret A.

Berger, *Weinstein's Federal Evidence* § 401.04[2][a], at 401-19 (2d ed. 2006)).  "A material fact

is one that would affect the outcome of the suit under the governing law."  *Arlio*, 474 F.3d at 52

(quoting *Beth Israel Med. Ctr. v. Horizon Blue Cross & Blue Shield of N.J., Inc.*, 448 F.3d 573,

579 (2d Cir. 2006) (internal quotation marks omitted)).  Here, the number of conversations

Ravina recorded with Columbia administration is highly relevant to the intent and motives of

Ravina in bringing this litigation and creating a record for it.

## I.     EVIDENCE OF THE NUMBER OF RECORDINGS RAVINA MADE BETWEEN HERSELF AND EMPLOYEES OF COLUMBIA IS RELEVANT AND PRECLUSION WOULD SEVERELY PREJUDICE DEFENDANTS.

Ravina's secret tape recordings of her conversations with her colleagues and others at

Columbia are directly relevant to her claims of discrimination and provide critical context for the

events leading to this litigation.  As Ravina admits, she created and saved the recordings so that

she could track what "[p]eople were telling [her]" and so that she could "document" Columbia's

response to her complaints.  (MIL Ex. A, Pl. Dep. at 104:4-10.)  The recordings are not collateral

to her complaints but were an integral part of her alleged attempt to create a favorable record of

conversations.  Ravina's attempt to disavow the relevance of the number of recordings is thus

unavailing, as the number of recordings has a bearing on her motives in initiating conversations and affects her credibility.

Courts have long resisted a rigid standard that would render irrelevant evidence that relates to a consequential fact and is significant for understanding the events that transpired. When evidence is important to the events underlying a particular claim and is helpful to a holistic understanding of the larger context, courts consistently permit its admission. *See Blue Cross & Blue Shield of N.J., Inc. v. Philip Morris, Inc.*, 138 F. Supp. 2d 357, 368 (E.D.N.Y. 2001) ("[The Rules] assume leeway in the introduction of demonstrative and background evidence."); *TMI Tr. Co. v. WMC Mortg., LLC*, No. 12- Civ. 1538 (CSH), 2018 WL 889218, at *2 (D. Conn. Feb. 13, 2018) ("Evidence which is essentially background… is universally offered and admitted as an aid to understanding. Charts, photographs, views of real estate, murder weapons, and many other items of evidence fall in this category. A rule limiting admissibility to evidence directed to a controversial point would invite the exclusion of this helpful evidence, or at least the raising of endless questions over its admission.") (quoting Advisory Committee Notes to the 1972 Proposed Rules); s*ee also U.S. v. Boros*, 668 F.3d 901, 908 (7th Cir. 2012) (evidence is relevant if "its exclusion would leave a chronological and conceptual void in the story").

The relevance of the evidence is further strengthened when, as here, it relates directly to Ravina's conduct during numerous conversations that are now part and parcel of her claim. S*ee, e.g., Washington v. Autozoner, Inc.,* No. 04 Civ. 320 (SLR), 2009 WL 2914173, at *1 (D. Del. Feb. 6, 2009) (holding in employment discrimination case that there was no undue prejudice in admitting evidence that pertained to events leading to charge of discrimination because it "constitute[d] relevant background information"); *Brown v. Weber*, No. 11 Civ. 139 (JDB), 2014 WL 11577101, at *1 (W.D. Tenn. July 11, 2014) (holding that evidence relevant to "what

transpired between the parties" was admissible).  Notably, Ravina *never* recorded Professor

Bekaert, a fact that is also highly relevant within the context of questioning the extent and intent

of her recordings.

Because the number of recordings have a direct bearing on this action and are an integral

aspect of what transpired between the parties, Defendants should be permitted to refer to the

number of recordings.

## II.    EVIDENCE OF THE NUMBER OF RECORDINGS IS NOT UNFAIRLY PREJUDICIAL TO RAVINA.

Ravina's Rule 403 arguments are far-fetched.  "Unfair prejudice as used in Rule 403 is

not to be equated with testimony simply adverse to the opposing party.... 'The prejudice must be

unfair.'"  *Costantino v. David M. Herzog, M.D., P.C.*, 203 F.3d 164, 174-75 (2d Cir. 2000).  *See*

*also* Fed. R. Evid. 403; *Perry v. Ethan Allen, Inc.*, 115 F.3d 143, 151 (2d Cir. 1997).  There is no

basis to assume that reference to the number of recordings Ravina made would be unfairly

prejudicial to her.  Ravina cannot now, on the eve of trial, disavow as unfairly prejudicial her

prior affirmative conduct in tape recording conversations, when her admitted basis for engaging

in that conduct was to obtain statements that would bolster her complaints against Defendants.  A

jury can easily comprehend that Ravina made the recordings in an attempt to document

conversations she initiated and guided.  Ravina does not demonstrate how factual information as

to the specific number of such recordings would be confusing to or mislead the jury unfairly.

Likewise, information as to the number of recordings is not unfairly prejudicial because it will

have no emotional or other effect on a jury that may lure the jury into finding for Defendants on

an improper basis.  *See Fed. Hous. Fin. Agency v. Nomura Holding Am., Inc.*, 68 F. Supp. 3d

486, 491 (S.D.N.Y. 2014).  And, the failure to refer to the number of recordings that Ravina

made may in fact be more likely to encourage the jurors to engage in baseless speculation than if this relevant evidence was rightfully referred to in the proper course of the proceedings.

Even if, *arguendo*, the Court were to give weight to Ravina's argument that there is a risk that the jury might incorrectly presume that secretly recording conversations is somehow unlawful, federal courts have recognized that such risk can be eliminated at trial by the provision of a limiting instruction that addresses that concern. *See, e.g., U.S. v. Ruiz*, 698 F. App'x 978, 986 (11th Cir. 2017), *cert. denied,* 138 S. Ct. 1013 (2018) (holding that the district court properly permitted the introduction of evidence that the defendant alleged might be perceived as "evidence of a criminal act" where the court gave a limiting instruction that made clear it was not).

Finally, the cases Ravina cites in her motion do not support her requested relief. Most conspicuously, in *Miano v. AC & R Advert., Inc.*, 148 F.R.D. 68, 90 (S.D.N.Y. 1993), *amended by* (S.D.N.Y. 1993), *adopted,* 834 F. Supp. 632 (S.D.N.Y. 1993), a case she cites involving the secret recording of conversations, the district court admitted the recordings, holding that "[t]he admission of these tapes at trial would [ ] not result in serious prejudice to any party or significantly taint the trial." Other opinions are wholly inapposite. *See Estate of Mauricio Jaquez v. Flores*, No. 10 Civ. 2881 (KBF), 2016 WL 1084145, at *7 (S.D.N.Y. Mar. 17, 2016) (district court precluded graphic photos of gunshot wounds, noting "[t]he jury could well be inflamed and disgusted."); *Mills v. Riggsbee*, No. 12 Civ. 148 (KKC), 2013 WL 6243951, at *2 (E.D. Ky. Dec. 3, 2013) (precluding a "video of a video" in which plaintiffs had created "a collage of various points of reference…. subject to manipulation and editing or subjective focusing"). Here, reference merely to the number of conversations Ravina recorded in no way implicates Ravina's concerns regarding unfair prejudice. Accordingly, Defendants should be

permitted to refer to the number of recordings that Ravina made of conversations between herself and individuals at Columbia.

## **CONCLUSION**

For the reasons set forth above, the Court should deny Plaintiff's Motion *In Limine* No. 8.

Dated:  June 25, 2018                                       PROSKAUER ROSE LLP
     New York, New York

Respectfully submitted,

*/s/ Bettina B. Plevan*
Bettina B. Plevan
Steven D. Hurd
Rachel S. Fischer
P. Kramer Rice
Eleven Times Square
New York, NY 10036
(212) 969-3000

*Attorneys for Defendant*
*Columbia University*