UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

| | | |
|---|---|---|
| ENRICHETTA RAVINA, | : | |
| | : | Case No.: 1:16-cv-02137 |
| Plaintiff, | : | |
| | : | |
| v. | : | **DEFENDANTS' PROPOSED JURY** |
| | : | **INSTRUCTIONS** |
| COLUMBIA UNIVERSITY AKA THE | : | |
| TRUSTEES OF COLUMBIA UNIVERSITY IN | : | |
| THE CITY OF NEW YORK AND GEERT | : | |
| BEKAERT, | : | |
| | : | |
| Defendants. | : | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

Defendants Columbia University ("Defendant" or "Columbia") and Geert Bekaert

("Defendant Bekaert") submit the following proposed jury instructions and respectfully request

that they be included in the Court's standard jury instructions.

## TABLE OF CONTENTS

**Page**

**INSTRUCTION NO. 1. EQUAL PARTIES BEFORE THE LAW** ......................................... 1

**INSTRUCTION NO. 2. SYMPATHY** ..................................................................... 2

**INSTRUCTION NO. 3. BURDEN OF PROOF** ......................................................... 3

**INSTRUCTION NO. 4. IMPEACHMENT BY PRIOR INCONSISTENT STATEMENTS** ........................................................... 5

**INSTRUCTION NO. 5. EXPERT WITNESSES** ...................................................... 7

**INSTRUCTION NO. 6. ALL AVAILABLE WITNESSES OR EVIDENCE NEED NOT BE PRODUCED** ......................................................... 8

**INSTRUCTION NO. 7. USE OF DEPOSITIONS AS EVIDENCE** ............................. 9

**INSTRUCTION NO. 8. PLAINTIFF'S CLAIMS – DEFENDANTS' DEFENSES GENERALLY** .......................................................... 10

**INSTRUCTION NO. 9. ANTI-DISCRIMINATION STATUTES – NO SPECIAL TREATMENT** .......................................................... 11

**INSTRUCTION NO. 10. PLAINTIFF'S BURDEN OF PROOF – INTENTIONAL GENDER DISCRIMINATION** ................................... 12

**INSTRUCTION NO. 11. EMPLOYER LIABILITY FOR GENDER DISCRIMINATION BY AN EMPLOYEE** ................................ 14

**INSTRUCTION NO. 12. RETALIATION AS TO DEFENDANT BEKAERT** .................. 16

**INSTRUCTION NO. 13. RETALIATION AS TO COLUMBIA** ................................. 19

**INSTRUCTION NO. 14. PERSONALITY CONFLICTS** ...................................... 22

**INSTRUCTION NO. 15. DAMAGES GENERALLY** ........................................... 23

**INSTRUCTION NO. 16. BACK AND FRONT PAY DAMAGES** ............................ 25

**INSTRUCTION NO. 17. MITIGATION** .......................................................... 27

**INSTRUCTION NO. 18. COMPENSATORY DAMAGES** .................................... 28

**INSTRUCTION NO. 19. DAMAGES – REASONABLE – NOT SPECULATIVE** ............. 31

**INSTRUCTION NO. 20. NOMINAL DAMAGES** ............................................... 32

**INSTRUCTION NO. 21. ATTORNEYS' FEES** ...................................................................... 33

**INSTRUCTION NO. 22. SPECIAL VERDICT** ..................................................................... 35

# INSTRUCTION NO. 1.

## EQUAL PARTIES BEFORE THE LAW[1]

You must perform your duties as jurors without bias or prejudice as to any party.  The law does not permit you to be governed by sympathy, prejudice or public opinion.  All parties expect that you will carefully and impartially consider all of the evidence, follow the law as it is now being given to you, and reach a just verdict, regardless of the consequences.  You should consider and decide this case as a dispute between parties of equal standing in the community and of equal worth.  One of the defendants in this case is a non-profit entity rather than a person, but that must not affect your decision.  All persons and entities are equal before the law, and non-profit entities are entitled to the same fair, impartial and conscientious consideration by you as any individual is entitled to receive.

---

[1] Kevin F. O'Malley *et al.*, *Federal Jury Practice and Instructions* § 103.12 (6th ed. 2012) (as modified); Hon. Leonard B. Sand *et al.*, *Modern Federal Jury Instructions – Civil* ¶ 72.01, Instruction 72-1 (2017) (as modified).

1

## INSTRUCTION NO. 2.

### SYMPATHY[2]

Under your oath as jurors, you are not to be swayed by sympathy.  You should be guided solely by the evidence presented during the trial and the law as I give it to you, without regard to the consequences of your decision.

No party to this lawsuit is entitled to any sympathy, nor is any party to this lawsuit entitled to any favor or special consideration.  You have been chosen to try the issues of fact and reach a verdict on the basis of the evidence or lack of evidence.  If you let sympathy interfere with your clear thinking, there is a risk that you will not arrive at a just verdict.  All parties to any lawsuit are entitled to a fair trial.  You must make a fair and impartial decision so that you will arrive at a just verdict.  You are to approach your duties coolly and calmly, without emotion and without being influenced by sympathy or prejudice for or against any party.

---

[2] Kevin F. O'Malley *et al.*, *Federal Jury Practice and Instructions* §§103.11-12 (6th ed. 2012) (as modified); Hon. Leonard B. Sand *et al.*, *Modern Federal Jury Instructions – Civil* ¶ 71.01[2], Instruction 71-10 (2017) (as modified).

**INSTRUCTION NO. 3.**

**BURDEN OF PROOF[3]**

Plaintiff has the burden of proof in this action to prove each element of her claims by a preponderance of the credible evidence.

To establish something by a "preponderance of the credible evidence" means to prove that something is more likely so than not so.  In other words, the preponderance of the credible evidence means such evidence, when considered and compared with the evidence opposed to it, has more convincing force, and produces in your mind the belief that what is sought to be proven by Plaintiff is more likely true than not true.  In determining whether any claim has been proven by a preponderance of the evidence, you may consider the testimony of all witnesses, regardless of whether it was Plaintiff or Defendants who called them, and all exhibits received in evidence, regardless of who presented them at trial.  It is your job to determine which witnesses and exhibits you find credible.

If you find that the credible evidence on an issue is evenly divided between the parties — that it is equally probable that both parties are right — you must decide the issue against the Plaintiff and in favor of Columbia and/or Bekaert.  That is because where a party has the burden of proof, it must prove more than simple equality of evidence — it must prove the element at issue by a preponderance of the credible evidence.  Thus, if you find that the evidence is equal on an issue on which Plaintiff has the burden of proof, then you must find for Columbia and/or

---

[3] Kevin F. O'Malley *et al.*, *Federal Jury Practice and Instructions* §§ 104.01, 171.60, 171.61 (6th ed. 2012) (as modified); Federal Employment Jury Instructions § 1:250; Hon. Leonard B. Sand *et al.*, *Modern Federal Jury Instructions – Civil* ¶ 73.01, Instruction 73-2 (2017) (as modified); *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21-23 (1993); *Meritor Sav. Bank FSB v. Vinson*, 477 U.S. 57, 65-69 (1986); *Henry v. Dep't of Transp.*, 69 F. App'x 478, 480 (2d Cir. June 24, 2003).

3

Bekaert on that issue, because equality of evidence is not sufficient.  On the other hand, the party need prove no more than a preponderance.  So long as you find that what Plaintiff claims has more convincing force and is more likely true than not true, then that element will have been proven by a preponderance of evidence.  If you are unable to understand Plaintiff's evidence, then you must find that she failed to meet her burden of proof.

Plaintiff bears the burden on all of her claims in this case and bears the burden of proving all the elements of her claims by a preponderance of the credible evidence.  If you find that Plaintiff has not proven any one of the elements of her claim by a preponderance of the credible evidence, you must find for Columbia and/or Bekaert as to that claim.

In determining whether any fact in issue has been proven by a preponderance of the credible evidence in the case, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of which side may have called them, and all exhibits received in evidence, regardless of which side may have produced them.

In making your decision, you may consider both direct evidence and circumstantial evidence.  "Direct evidence" is direct proof of a fact, such as testimony by a witness about what the witness said, heard, or did (if you believe the testimony).  "Circumstantial evidence" is a chain of circumstances that indirectly proves a fact.[4]

---

[4]  3 Fed. Jury Prac. & Inst. § 101:42; 4-74 Modern Federal Jury Instructions-Civil P 74.01.

**INSTRUCTION NO. 4.**

**IMPEACHMENT BY PRIOR INCONSISTENT STATEMENTS[5]**

You have heard evidence that at some earlier time a witness, other than Plaintiff Enrichetta Ravina, or Defendant Columbia University or Defendant Bekaert, has made statements in the past that are inconsistent with his or her testimony during the trial concerning facts that are at issue here.

Evidence of a prior inconsistent statement by someone who is not the plaintiff or the defendant, is not to be considered by you as affirmative evidence in determining liability. Evidence of a prior inconsistent statement was placed before you for the more limited purpose of helping you decide whether to believe the trial testimony of the witness who earlier contradicted him/herself.  If you find that the witness made an earlier statement that conflicts with his/her trial testimony, you may consider that fact in deciding how much of his/her trial testimony, if any, to believe.

In making this determination, you may consider whether the witness purposely made a false statement or whether it was an innocent mistake; whether the inconsistency concerns an important fact or whether it had to do with a small detail; whether the witness had an explanation for the inconsistency, and whether that explanation appealed to your common sense.

It is exclusively your duty, based upon all the evidence and your own good judgment, to determine whether the prior statement was inconsistent, and, if so, how much, if any, weight to give to the inconsistent statement in determining whether to believe all or part of the witness's testimony.

---

[5] Hon. Leonard B. Sand *et al.*, *Modern Federal Jury Instructions – Civil* ¶ 76.01[1], Instruction 76-5 (2017) (as modified); Kevin F. O'Malley *et al.*, *Federal Jury Practice and Instructions* § 105.09 (6th ed. 2012) (as modified).

Where, however, the witness is Plaintiff Enrichetta Ravina, Defendant Columbia University or Defendant Bekaert in this case, and by a prior statement has admitted some fact or facts against her, his or its interest, then such statement, if knowingly made, may be considered as evidence of the truth of the fact or facts admitted by that party, as well as for the credibility of the party as a witness.

**INSTRUCTION NO. 5.**

**EXPERT WITNESSES**[6]

During the trial you heard testimony from expert witnesses.  The law allows an expert to state opinions about matters in his or her field of expertise even if he or she has not witnessed any of the events involved in the trial.

An expert witness is a person who, by education and experience, has become expert in some art, science, profession, or calling.  Expert witnesses may state their opinions as to matters in which they profess to be expert, and may also state their reasons for their opinions.  You should consider each expert opinion received in evidence in this case, and give it such weight as you think it deserves.  If you should decide that the opinion of an expert witness is not based upon sufficient education and experience, or if you should conclude that the reasons given in support of the opinion are not sound, or if you feel that it is outweighed by other evidence, you may disregard the opinion entirely.

---

[6] Kevin F. O'Malley *et al.*, *Federal Jury Practice and Instructions* § 104.40 (6th ed. 2012) (as modified).

7

**INSTRUCTION NO. 6.**

**ALL AVAILABLE WITNESSES OR EVIDENCE NEED NOT BE PRODUCED[7]**

The law does not require any party to call as witnesses all persons who may have been present at any time or place involved in the case, or who may appear to have some knowledge of the matters in issue at this trial.  You should not draw any negative inference against any party with respect to any issue in dispute based on their failure to produce a witness.  The law also does not require any party to produce as exhibits all papers and things mentioned in the evidence in the case.

The weight of the evidence is not necessarily determined by the number of witnesses testifying to the existence or nonexistence of any fact.  You may find that the testimony of one witness as to any fact is more probative or compelling than the testimony of a larger number of witnesses to the contrary.

---

[7] Kevin F. O'Malley *et al*., *Federal Jury Practice and Instructions* § 105.11 (6th ed. 2012) (as modified).

8

## INSTRUCTION NO. 7.

## USE OF DEPOSITIONS AS EVIDENCE[8]

During the trial, certain testimony has been presented by way of deposition.  The deposition consisted of sworn, recorded answers of the witness to questions asked by attorneys for the parties to the case in advance of the trial.

The testimony of a witness who, for some reason, is not present to testify from the witness stand may be presented in writing under oath or by video.  Such testimony is entitled to the same consideration and is to be judged as to credibility, and weighed, and otherwise considered by you, insofar as possible, in the same way as if the witness had been present and had testified from the witness stand.  You should not draw any negative inference against either party for introducing evidence by presenting deposition testimony instead of live testimony.

---

[8] Kevin F. O'Malley *et al.*, *Federal Jury Practice and Instructions* § 105.02 (6th ed. 2012) (as modified).

9

## INSTRUCTION NO. 8.

## PLAINTIFF'S CLAIMS – DEFENDANTS' DEFENSES GENERALLY

Plaintiff alleges that Bekaert discriminated against her because of her sex, and that Defendant Columbia acted negligently in allowing Bekaert to manipulate its employment decisions to deny her tenure and deny her a leave of absence.  Plaintiff also claims that after she complained about discrimination, Bekaert and Columbia retaliated against her.

Bekaert denies that he discriminated or retaliated against Plaintiff.  Bekaert contends that he initially supported Plaintiff and her research, but that later they had disagreements and personality conflicts.  Bekaert asserts further that his actions were not motivated by Plaintiff's sex and were instead based on a personality conflict.  Bekaert further contends that he played no role in the decisions to deny Plaintiff tenure or a leave of absence.

Columbia denies that it acted negligently in allowing Bekaert to manipulate its employment decisions concerning Plaintiff, or that Bekaert played any role in its decisions to deny Plaintiff tenure or a leave of absence, much less a decisive role.  Columbia further asserts that it took Plaintiff's complaints seriously and initiated an impartial investigation of her claims.  Columbia denies that it retaliated against Plaintiff in any way and states that the denial of tenure was based solely on Plaintiff's lack of a sufficient number and quality of publications and the quality of her research, and that Defendant Bekaert was not involved in that decision.  Finally, Columbia denies that it retaliated against her when it denied her a personal hardship leave after she rejected the break in service offered to her that would have delayed her tenure vote.

## INSTRUCTION NO. 9.

## ANTI-DISCRIMINATION STATUTES – NO SPECIAL TREATMENT[9]

The anti-discrimination statutes upon which Plaintiff bases her claims in this case are not affirmative action programs.  They do not require that individuals be given preferential treatment because of their sex.  Plaintiff was not entitled to special consideration because she is a woman.

---

[9] *Texas Dept. of Community Affairs v. Burdine*, 450 U.S. 248, 259 (1981); *Parcinski v. Outlet Co.*, 673 F.2d 34, 37 (2d Cir. 1982), *cert. denied*, 459 U.S. 1103 (1983); *Tolleson v. Unity Health Sys.*, No. 09 Civ. 6350, 2012 WL 1834206, at *11 (W.D.N.Y. May 18, 2012);  *Lewis v. Hill*, No. 97 Civ. 3212, 2005 U.S. Dist. LEXIS 1747, at *21 (S.D.N.Y. Feb. 1, 2005); *Brundage v. Nat'l Broad. Co.*, No. 90 Civ. 1730, 1993 U.S. Dist. LEXIS 9901 at *33 (S.D.N.Y. July 20, 1993); *DiCola v. Swissre Holding, Inc.*, No. 90 Civ. 3211, 1992 U.S. Dist. LEXIS 11535 at *20 (S.D.N.Y. June 30, 1992), *aff'd*, 996 F.2d 30 (2d Cir. 1993), *Pirone v. Home Ins. Co.*, 559 F. Supp. 306, 311 (S.D.N.Y. 1983), *aff'd without op.*, 742 F.2d 1430 (2d Cir. 1983); *Logan v. St. Luke's Hosp. Ctr.*, 428 F. Supp. 127, 130 (S.D.N.Y. 1977).

## INSTRUCTION NO. 10.

## PLAINTIFF'S BURDEN OF PROOF – INTENTIONAL GENDER DISCRIMINATION

In order for Plaintiff to establish her discrimination claims against Bekaert, Plaintiff has the burden of proving, by a preponderance of the credible evidence, that Bekaert treated her less well than other individuals because of her gender.[10]  To establish a claim under the law, Plaintiff must show more than that she is a woman and her own subjective belief that she was discriminated against to meet her burden of proof of discrimination.  It is also not enough for Plaintiff to show a personality conflict with a co-worker, that a co-worker disliked her, or that a co-worker had ulterior motives, having nothing to do with illegal discrimination, for taking a particular action.  The burden of proving intentional discrimination against Bekaert remains with the Plaintiff.  It is up to Plaintiff to prove by a preponderance of the credible evidence that gender was a motivating factor in Bekaert's conduct regarding an adverse change in the terms and conditions of Plaintiff's employment that she claims were discriminatory.  If Plaintiff fails to prove by a preponderance of the credible evidence that gender was a motivating factor in his conduct toward Plaintiff, you must find in favor of Defendant Bekaert as to those claims.

In order to establish a claim of discrimination against Columbia, Plaintiff has the additional burden of proving that Bekaert had a discriminatory motive toward Plaintiff, that he intended for her to be denied tenure and a leave of absence, and that Columbia acted negligently and was manipulated by Bekaert in making its decisions concerning Plaintiff's tenure and a leave

---

[10] *Mihalik v. Credit Agricloe Cheuvreux North America,* 2013 WL 1776643 (2d Cir. April 26, 2013), *citing Williams v. N.Y.C. Hous. Auth.,* 61 A.D. 3d 62 (1st Dep't 2009).

of absence.[11]  Specifically, in this case, Plaintiff must prove that Bekaert's biased acts
proximately caused those decisions to deny her tenure or a leave of absence.

---

[11] *Vasquez v. Empress Ambulance Serv., Inc.*, 835 F.3d 267 (2d Cir. 2016).

## INSTRUCTION NO. 11.

## EMPLOYER LIABILITY FOR GENDER DISCRIMINATION BY AN EMPLOYEE[12]

Additionally, Columbia, as an employer, can be liable for harassment by an employee

who is not the supervisor of the plaintiff, as in this case, where Defendant Bekaert was <u>not</u>

Plaintiff's supervisor, only if Plaintiff proves by a preponderance of the credible evidence that

Columbia (1) knew of Bekaert's alleged unlawful discriminatory conduct and acquiesced in it or

failed to take immediate and appropriate corrective action; or (2) should have known of

Bekaert's alleged unlawful discriminatory conduct yet failed to exercise reasonable diligence to

prevent it.

If you find that Columbia knew or should have known of the alleged sexual harassment,

you must then consider whether Columbia failed to do anything about the alleged sexual

harassment.  In determining whether Columbia took immediate appropriate remedial action, you

should consider whether Columbia investigated any complaints made by Plaintiff, conducted any

training and addressed the issue raised.[13]  If you find that Columbia knew of the alleged

---

[12] N.Y.C. Admin. Code § 8-107(13)(b) ("An employer shall be liable for an unlawful discriminatory practice based upon the conduct of an employee or agent which is in violation of subdivision one or two of this section only where: (1) the employee or agent exercised managerial or supervisory responsibility; *or* (2) the employer knew of the employee's or agent's discriminatory conduct, and acquiesced in such conduct or failed to take immediate and appropriate corrective action; an employer shall be deemed to have knowledge of an employee's or agent's discriminatory conduct where that conduct was known by another employee or agent who exercised managerial or supervisory responsibility; *or* (3) the employer should have known of the employee's or agent's discriminatory conduct and failed to exercise reasonable diligence to prevent such discriminatory conduct.") (emphasis added); *Watkins v. New York City Transit Auth.*, No. 16 CIV. 4161 (LGS), 2018 WL 895624, at *5 (S.D.N.Y. Feb. 13, 2018) ("[a]n employer will be held liable under the NYCHRL for the discriminatory acts of non-supervisory co-workers only if (2) the employer knew of the employee's or agent's discriminatory conduct, and acquiesced in such conduct or failed to take immediate and appropriate corrective action; an employer shall be deemed to have knowledge of an employee's or agent's discriminatory conduct where the conduct was known by another employee or agent who exercised managerial or supervisory responsibility; or (3) the employer should have known of the employee's or agent's discriminatory conduct and failed to exercise reasonable diligence to prevent such discriminatory conduct.").
[13] *Suarez v. City of New York*, No. 11-CV-05812 SLT VMS, 2015 WL 1539737, at *3, *7 (E.D.N.Y. Mar. 31, 2015) (granting summary judgment on claim based on conduct of a non-supervisory employee where "no reasonable factfinder could conclude that…Allied's response, upon learning of the discriminatory conduct, did not

discriminatory conduct and took immediate and appropriate remedial action, you must find for

Defendant Columbia on Plaintiff's gender discrimination claim.

---

constitute appropriate corrective action" where the employer investigated the complaint, reassigned the alleged
harasser, and "went over [the company's] harassment policy" with the alleged harasser.").

## INSTRUCTION NO. 12.

## RETALIATION AS TO DEFENDANT BEKAERT[14]

Plaintiff claims Defendant Bekaert retaliated against her for her complaining about discriminatory conduct, by delaying her work and/or diminishing her ability to find work. Defendant Bekaert denies that he retaliated against Plaintiff, and contends he supported her work and had no involvement in decisions concerning her tenure or requests for a leave of absence.

To establish a claim of retaliation, Plaintiff must prove the following four elements by a preponderance of the credible evidence:

1) First, Plaintiff engaged in protected activity by opposing an employment action that she believed reasonably and in good faith violated anti-discrimination laws; and

2) Second, Bekaert had actual knowledge that Plaintiff was engaging in such protected activity; and

3) Third, Bekaert took an adverse employment action; and

4) Fourth, there was a causal connection between the protected activity and the adverse employment action.

I will now instruct you on each of these four elements.

_____

[14] Kevin F. O'Malley *et al.*, *Federal Jury Practice and Instructions* §§ 171.25, 171.26, 171.75 (6th ed. 2012) (as modified); Hon. Leonard B. Sand *et al.*, *Modern Federal Jury Instructions – Civil* ¶ 88.03, Instruction 88-46 (2017) (as modified); 42 U.S.C. §§ 2000(e)-3(a); N.Y. Exec. Law § 296; N.Y.C. Admin. Code § 8-107(7); *Univ. of Texas Sw. Med. Ctr. v. Nassar*, 133 S. Ct. 2517, 2522 (2013) (holding that the but-for causation standard applies to Title VII retaliation claims); *Mihalik v. Credit Agricole Cheuvreux N. Am., Inc.*, 715 F.3d 102, 112 (2d Cir. 2013); *Roberts v. United Parcel Serv., Inc.*, 115 F. Supp. 3d 344, 370 (E.D.N.Y. 2015) ("To establish a retaliation claim under the NYCHRL, a plaintiff must prove that: (1) she engaged in a protected activity; (2) her employer was aware that she participated in such activity; (3) she suffered an action that would be reasonably likely to deter a person from engaging in the protected activity; and (4) there is a causal connection between the protected activity and the adverse action."); *Hicks v. Baines*, 593 F.3d 159, 164-65 (2d Cir. 2010); *Brightman v. Prison Health Service, Inc.*, 970 N.Y.S.2d 789, 791 (N.Y. App. Div. 2013); *Kelly v. Howard I. Shapiro & Assocs. Consulting Eng'rs, P.C.*, 716 F.3d 10, 15 (2d Cir. 2013); *Risco v. McHugh*, 868 F. Supp. 2d 75, 112 (S.D.N.Y. 2012); *Picarella v. HSBC Secs. (USA) Inc.*, No. 14-cv-4463-ALC, ECF No. 209 at 29 (Jury Charge dated Jan. 27, 2107).

A protected activity is an act that opposes any perceived discriminatory practice made unlawful under the anti-discrimination laws.  A protected activity is generally a complaint that puts the employer on notice that the complainant believes that discrimination is occurring.  For a complaint to be a protected activity, a plaintiff must demonstrate a good faith, reasonable belief that the defendant's actions violated the law.  Here, Plaintiff must prove that she made a good faith complaint of discrimination based on gender based on a reasonable belief that Defendant Bekaert's conduct violated the law.

The second element that Plaintiff must prove by a preponderance of the credible evidence is that Defendant Bekaert had knowledge that Plaintiff engaged in protected activity.  This requires Plaintiff to demonstrate that Defendant Bekaert understood, or reasonably could have understood, that Plaintiff's complaints were directed at discrimination.

Regarding the third element, an adverse employment action is an act that is reasonably likely to deter a person from complaining of discrimination.  Personality conflicts, petty slights, snubbing, minor annoyances, simple lack of good manners and other ordinary tribulations of the workplace are not adverse employment actions.  Examples of adverse employment actions include dismissal, refusal to hire, refusal to promote, demotion, reduction in pay, and reprimand. These are just examples, and this list is not exhaustive.  The key issue is whether the action was reasonably likely to deter a reasonable person from engaging in any protected activity at issue here.

Finally, Plaintiff must prove by a preponderance of the credible evidence that her protected activity was a motivating factor for the adverse employment action.  Therefore, Plaintiff must prove by a preponderance of the credible evidence that a motivating factor in

17

Defendant Bekaert's alleged conduct was the desire to retaliate against Plaintiff because of her protected activity.

Plaintiff's own subjective belief that she was retaliated against is not sufficient to meet her burden of proof.  It is not enough for Plaintiff to show a personality conflict with a supervisor, that a supervisor disliked her, or that a supervisor had other motives, having nothing to do with retaliation, for taking a particular action.

The burden is always on the Plaintiff to affirmatively and ultimately prove by a preponderance of the credible evidence that her protected activity was a motivating factor for the adverse employment action.  Therefore, it is not enough to determine that Plaintiff complained about treatment by Defendant Bekaert; you must also find that Plaintiff's complaint was about discrimination and that the complaint was a motivating factor in the decision to deny her tenure or a leave of absence.

If Plaintiff fails to meet her burden on any of these points, you must find for Defendant Bekaert.

18

## INSTRUCTION NO. 13.

## RETALIATION AS TO COLUMBIA[15]

Plaintiff claims that Columbia retaliated against her by denying her a paid leave and denying her tenure.  Columbia denies that it retaliated against Plaintiff.  Columbia also asserts that Plaintiff was denied tenure for legitimate non-retaliatory reasons, including her inadequate research and publication record.  Columbia asserts she was denied a paid leave because there was no precedent for the leave requested and because she was offered a paid break in service that would have delayed her "up or out" date.

Again, to establish a claim of retaliation, Plaintiff must prove the following four elements by a preponderance of the credible evidence:

1) First, Plaintiff engaged in protected activity by opposing an employment action that she believed reasonably and in good faith violated anti-discrimination laws; and

2) Second, Columbia has actual knowledge that Plaintiff was engaging in such protected activity; and

3) Third, Columbia took an adverse employment action; and

4) Fourth, there was a causal connection between the protected activity and the adverse employment action.

---

[15] Kevin F. O'Malley *et al.*, *Federal Jury Practice and Instructions* §§ 171.25, 171.26, 171.75 (6th ed. 2012) (as modified); Hon. Leonard B. Sand *et al.*, *Modern Federal Jury Instructions – Civil* ¶ 88.03, Instruction 88-46 (2017) (as modified); 42 U.S.C. §§ 2000(e)-3(a); N.Y. Exec. Law § 296; N.Y.C. Admin. Code § 8-107(7); *Univ. of Texas Sw. Med. Ctr. v. Nassar*, 133 S. Ct. 2517, 2522 (2013) (holding that the but-for causation standard applies to Title VII retaliation claims); *Mihalik v. Credit Agricole Cheuvreux N. Am., Inc.*, 715 F.3d 102, 112 (2d Cir. 2013); *Roberts v. United Parcel Serv., Inc.*, 115 F. Supp. 3d 344, 370 (E.D.N.Y. 2015) ("To establish a retaliation claim under the NYCHRL, a plaintiff must prove that: (1) she engaged in a protected activity; (2) her employer was aware that she participated in such activity; (3) she suffered an action that would be reasonably likely to deter a person from engaging in the protected activity; and (4) there is a causal connection between the protected activity and the adverse action."); *Hicks v. Baines*, 593 F.3d 159, 164-65 (2d Cir. 2010); *Brightman v. Prison Health Service, Inc.*, 970 N.Y.S.2d 789, 791 (N.Y. App. Div. 2013); *Kelly v. Howard I. Shapiro & Assocs. Consulting Eng'rs, P.C.*, 716 F.3d 10, 15 (2d Cir. 2013); *Risco v. McHugh*, 868 F. Supp. 2d 75, 112 (S.D.N.Y. 2012); *Picarella v. HSBC Secs. (USA) Inc.*, No. 14-cv-4463-ALC, ECF No. 209 at 29 (Jury Charge dated Jan. 27, 2107).

19

As already stated, a protected activity is an act that opposes any perceived discriminatory practice made unlawful under the anti-discrimination laws.  Here, Plaintiff must prove that she made a good faith complaint of discrimination based on sex based on a reasonable belief that Columbia's conduct violated the law.

The second element that Plaintiff must prove by a preponderance of the credible evidence is that Columbia had knowledge that Plaintiff engaged in protected activity.  This requires Plaintiff to demonstrate that Columbia understood, or reasonably could have understood, that Plaintiff's complaints were directed at discrimination.

Regarding the third element, an adverse employment action is an act that is reasonably likely to deter a person from complaining of discrimination.  Examples of adverse employment actions include dismissal, refusal to hire, refusal to promote, demotion, reduction in pay, and reprimand.  These are just examples, and this list is not exhaustive.  The key issue is whether the action was reasonably likely to deter a reasonable person from engaging in any protected activity at issue here.

Finally, Plaintiff must prove by a preponderance of the credible evidence that her protected activity was a motivating factor for the adverse employment action.  Therefore, Plaintiff must prove by a preponderance of the credible evidence that a motivating factor in Columbia's decision to deny her tenure and deny her a paid leave was the desire to retaliate against Plaintiff because of her protected activity.

In this regard, I remind you that it is not the role of juries to second guess the decisions of employers.  An employer may take an adverse employment action against an employee based on a good reason, a bad reason, a reason based on erroneous facts, or no reason at all.

20

Plaintiff's own subjective belief that she was retaliated against is not sufficient to meet her burden of proof.  It is not enough for Plaintiff to show her subjective belief, feelings, suspicions or speculation that the legitimate non-retaliatory reasons stated by Columbia are not genuine.  It also is not enough for Plaintiff to show a personality conflict with a supervisor, that a supervisor disliked her, or that a supervisor had other motives, having nothing to do with retaliation, for taking a particular action.

The burden is always on the Plaintiff to affirmatively and ultimately prove by a preponderance of the credible evidence that her protected activity was a motivating factor for the adverse employment action.  Therefore, it is not enough to determine that Plaintiff complained about treatment by Columbia; you must also find that Plaintiff's complaint was about discrimination and that the complaint was a motivating factor in the decision to deny her tenure or a leave of absence.

If Plaintiff fails to meet her burden on any of these points, you must find for Columbia.

21

## INSTRUCTION NO. 14.

## PERSONALITY CONFLICTS[16]

Adverse decisions that are the result of a personality clash, or personal favoritism, or a preference to work with certain people — not premised on or motivated by discriminatory reasons — are not illegal.

---

[16] *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502 (1993); *Fisher v. Vassar Coll.*, 114 F.3d 1332, 1338 (2d Cir. 1997), *abrogated on other grounds by Reeves v. Sanderson Plumbing Prod., Inc.*, 530 U.S. 133 (2000); *Krulik v. Board of Educ.*, 781 F.2d 15, 21 (2d Cir. 1986); *Smith v. Pan Am World Airways*, 706 F.2d 771, 774 (6th Cir. 1983) (per curiam); *Younger v. Henderson*, No. 00-cv-9491, 2001 WL 1543811, at *2 (S.D.N.Y. Dec. 3, 2001).

## INSTRUCTION NO. 15.

## DAMAGES GENERALLY[17]

Members of the jury, the fact that I will instruct you on the issue of damages should not be considered as indicating any view of mine as to which party is entitled to a verdict in this case.  Instructions as to the measure of damages are given for your guidance only, in the event you should find in favor of the Plaintiff from a preponderance of the credible evidence in the case, in accordance with the other instructions I have given you.  It is the duty of the Court to instruct you about the measure of damages.

If you decide that Plaintiff has not proven her claims by a preponderance of the credible evidence, then you must find in favor of Defendants and I would ask you to return your verdict at that point.  Only if you decide that Plaintiff has proven one of her claims based on the legal principles as I have stated them to you, are you to consider the question of damages.  If you find that Plaintiff has not proven her case, she is entitled to no damages whatsoever.

It is Plaintiff's burden to prove for each of her claims, first, that she is entitled to damages, and second, the amount of such damages.  If and only if you have returned a verdict in favor of the Plaintiff, you must determine the damages to which she is entitled.  If damages are appropriate, Plaintiff is entitled to damages even if they are difficult to calculate.  The law does not require that Plaintiff prove the amount of her losses with mathematical precision but only

---

[17] Kevin F. O'Malley *et al.*, *Federal Jury Practice and Instructions* §§ 106.02, 171.60 (6th ed. 2012) (as modified); Hon. Leonard B. Sand *et al.*, *Modern Federal Jury Instructions – Civil* ¶ 77.01, Instruction 77-1 (2017) (as modified).

with as much definiteness and accuracy as the circumstances permit. Your award, however, must be based upon credible evidence and not upon speculation, guesswork, or conjecture.

_Sources_: Federal Employment Jury Instructions §§ 1:1200, 1:1201, 1:210, 1:1215, 1:1230; 1:1242, 1:1270, 1:290; 2B New York Pattern Jury Instructions, PJI 9:5A.1; _Bigelow v. RKO Radio Pictures_, 327 U.S. 251, 264-65 (1946); _Anderson v. Mt. Clemens Pottery Co_., 328 U.S. 680, 687-88 (1946).

24

# INSTRUCTION NO. 16.

## BACK AND FRONT PAY DAMAGES

If you should find that Plaintiff has met her burden of proving by a preponderance of the evidence that the Defendants discriminated or retaliated against Plaintiff in denying her tenure, you may award her what is known as back pay.  Back pay is comprised of salary, bonus and employment benefits Plaintiff would have earned had she remained in Defendant's employ.  It is at all times Plaintiff's burden to prove, first, that she is entitled to damages, and second, the amount of such damages.[18]

In the event that you find that Plaintiff is entitled to an award of back pay, your award may cover a period beginning no earlier than June 30, 2017, and ending no later than the date of your verdict.

Plaintiff also seeks front pay.  Front pay is designed to ensure that victims of discrimination are made whole and should be awarded only if you conclude that, first, Plaintiff has no reasonable prospect of obtaining comparable employment and, second, calculation of the award is not unduly speculative.  Plaintiff has the burden of proof in determining that front pay is warranted and, if so, the amount of front pay.[19]

_____

[18] *DeCurtis v. Upward Bound Int'l, Inc.*, 2011 U.S. Dist. LEXIS 114001, *9 (S.D.N.Y. 2011) "Back pay is available under Title VII, NYSHRL, and NYCHRL. See 42 U.S.C. § 2000e-5(g)(1); N.Y. Exec. Law. § 297(4), (9); N.Y.C Admin. Code § 8-502(a)."

[19] *Bonura v. Chase Manhattan Bank*, 629 F. Supp. 353, 363-64 (S.D.N.Y.) *aff'd*, 795 F.2d (1986); *Raimondo v. AMAX, Inc.*, 843 F. Supp. 806, 810 (D. Conn.), *aff'd without op.*, *Raimondo v. Cyprus AMAX Minerals Co.*, 48 F.3d 1214 (2d Cir. 1994).

In determining the amount of front pay, you must calculate a monetary amount equal to the value of wages and benefits that Plaintiff would have earned had she not been denied tenure and her employment with Columbia not been terminated for the period from the date of your verdict to the date Plaintiff would be expected to obtain comparable employment.  Plaintiff always has a duty to mitigate her damages which I will discuss in a moment, and Defendant has the burden of proving that she will not fulfill her duty to seek comparable employment in the future.

## INSTRUCTION NO. 17.

## MITIGATION[20]

Now a Plaintiff must make a reasonable effort to minimize or reduce her damages for loss of compensation by seeking comparable alternative employment. This is called mitigation of damages. This means that in order for her to recover back pay, she cannot sit idly by and let her damages accumulate. Plaintiff must use reasonable diligence in finding other suitable employment, which need not be comparable to her previous position, and she must accept such work if offered. It is Defendant's burden to prove, by a preponderance of the evidence that Plaintiff failed to take reasonable steps to diminish the extent of the injuries she suffered.[21] Therefore, if you determine that Plaintiff is entitled to damages, you must reduce those damages by any amount that Defendant proves by a preponderance of the evidence that Plaintiff actually earned or could have earned by reasonable effort during the period from her discharge until the date of your verdict.

---

[20] 42 U.S.C. § 2000e-5(g) (2004); *Ford Motor Co. v. EEOC*, 458 U.S. 219, 231-32, 238-41 (1982).

[21] *Ford Motor Co.*, 458 U.S. at 219, 231-32, 238-41; *Wills-Hingos v. Raymond Corp.*, 104 Fed. Appx. 773, 775 (2d Cir. 2004); *Hawkins v. 1115 Legal Serv. Care*, 163 F.3d 684, 696 (2d Cir. 1998); *Greenway v. Buffalo Hilton Hotel*, 143 F.3d 47, 53 (2d Cir. 1998); *Dailey v. Societe Generale*, 108 F.3d 451, 456 (2d Cir. 1997); *Hine v. Mineta*, 238 F. Supp. 2d 497, 500 (E.D.N.Y. 2003); *Epstein v. Kalvin-Miller Int'l, Inc.*, 139 F. Supp. 2d 469, 481 (S.D.N.Y. 2001).

## INSTRUCTION NO. 18.

## COMPENSATORY DAMAGES[22]

If and only if you find in favor of Plaintiff on her discrimination or retaliation claims, you may consider whether to award damages for any emotional pain, suffering, humiliation or mental anguish that Plaintiff may have experienced as a direct consequence of the conduct for which you have found Defendants, either separately or collectively, liable.

There is no requirement that evidence of the monetary value of intangibles such as pain and suffering be introduced into evidence.  There is no exact standard for fixing the compensation to be awarded for these elements of damages and no expert testimony need be introduced.  Still, it is necessary to arrive at a reasonable award that is supported by the evidence. Any award you make should be fair in light of the evidence presented at trial.  The damages that you award must be fair compensation, no more and no less.

In order to recover damages for mental and emotional distress, Plaintiff must present credible testimony with respect to her claimed mental anguish, such as the physical manifestations she suffered.  Psychiatric or other medical treatment is not a precondition to recovery.

Plaintiff can recover only for the mental and emotional distress that she proves, by a preponderance of the credible evidence, was caused by the unlawful conduct of Bekaert or

---

[22] Kevin F. O'Malley *et al.*, *Federal Jury Practice and Instructions* § 171.90 (6th ed. 2012) (as modified); 42 U.S.C. §§ 1981a(a)(1) & 2000e; *Patrolmen's Benevolent Ass'n of City of New York v. City of New York*, 310 F.3d 43, 55 (2d Cir. 2002), *cert. denied*, 538 U.S. 1032 (2003); *Ruhling v. Newsday, Inc.*, No. 04-cv-2430, 2008 WL 2065811 (E.D.N.Y. May 13, 2008); *Dotson v. City of Syracuse*, No. 5:04-cv-1388, 2011 WL 817499, at *14 (N.D.N.Y. Mar. 2, 2011), *aff'd*, 549 F. App'x 6 (2d Cir. 2013).

separately Columbia.  If you find that Plaintiff has proven that she suffered concrete mental or emotional distress, and that the distress was caused by Bekaert, or separately Columbia's unlawful conduct, you must fix the amount of damages that will fairly compensate Plaintiff for such injuries that were a direct result of such unlawful conduct.  The purpose of such an award is to compensate Plaintiff for the actual mental or emotional injuries she suffered, if any, as a direct result of unlawful conduct of Bekaert, or separately Columbia.  The purpose of such an award of compensatory damages for mental or emotional distress is not to punish Bekaert or Columbia.

You may not award Plaintiff damages for any emotional distress caused by other factors, such as personal or family difficulties, medical problems or the like.  You also may not award Plaintiff damages for any emotional distress caused by her pursuit of this lawsuit.

Plaintiff also seeks compensatory damages for narrowed economic opportunities as a result of harm to her reputation.  Plaintiff can only recover on this theory if she proves by a preponderance of the evidence both that "the discrimination tainted the existing reputation" of the Plaintiff, and that the "reputational harm resulted in diminished employment opportunities." If you find that Plaintiff has not proven by a preponderance of the evidence both that her reputation was "tainted" and that she lost future economic opportunities, you may not award her damages on the basis of reputational harm.[23]

In determining the amount of any damages that you decide to award, you should be guided by dispassionate common sense.  You must use sound discretion in fixing an award of damages, drawing reasonable inferences from the facts in evidence.  You may not award

_____

[23] *US v. Vulcan Society, Inc.,* 897 F. Supp.2d 30, 38, 41-42, 49 (E.D.N.Y. 2012).

damages based on sympathy, speculation, or guess work.  On the other hand, the law does not require that Plaintiff prove the amount of her losses with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit.  The arguments of the attorneys are not evidence of damages. Your award must be based on your reasoned judgment applied to the testimony of the witnesses and the other evidence that has been admitted during trial.

30

## INSTRUCTION NO. 19.

## DAMAGES – REASONABLE – NOT SPECULATIVE[24]

Damages must be reasonable.  If you should find that Plaintiff is entitled to a verdict, you may award her only such damages as will reasonably compensate her for such injury and damage that you find she has proven by a preponderance of the credible evidence she has sustained as a proximate or direct result of Bekaert's or Columbia's conduct.

You may not speculate on damages, and you may not award speculative damages or damages that were not caused directly by Bekaert's or Columbia's conduct.  The amount of your verdict must be based upon the evidence presented.  You are not to include in any verdict compensation for any prospective loss that, although possible, is not reasonably certain to occur in the future.  If Plaintiff fails to prove by a preponderance of the credible evidence the amount of damages she claims, you may not simply guess as to the amount of damages.

---

[24] Kevin F. O'Malley *et al.*, *Federal Jury Practice and Instructions* § 171.90 (6th ed. 2012) (as modified); *Tse v. UBS Fin. Servs.*, 568 F. Supp. 2d 274, 304-05 (S.D.N.Y. 2008); *Fink v. City of New York*, 129 F. Supp. 2d 511, 536 (E.D.N.Y. 2001); *Proulx v. Citibank, N.A.*, 681 F. Supp. 199, 203 (S.D.N.Y.), *aff'd without op.*, 862 F.2d 304 (2d Cir. 1988).

31

**INSTRUCTION NO. 20.**

**NOMINAL DAMAGES**[25]

If you find in favor of Plaintiff on her discrimination or retaliation claims but that she suffered no injury, you may award "nominal damages."  Nominal damages may not be awarded for more than a token sum, usually one dollar.  You should award nominal damages if you conclude that the only injury that Plaintiff suffered was the deprivation of her rights under the discrimination laws, without any physical, emotional or financial damage.  You may also award nominal damages if you find that some injury resulted, but you are unable to compute the monetary damages except by engaging in pure speculation and guessing.  You may not award both nominal and compensatory damages.  If Plaintiff was measurably injured and you have found in favor of Plaintiff on her discrimination or retaliation claims, you must award compensatory damages; if she was not, you may award nominal damages.

---

[25] Hon. Leonard B. Sand *et al.*, *Modern Federal Jury Instructions – Civil* ¶ 77.01, Instruction 77-6 (2017) (as modified).

**INSTRUCTION NO. 21.**

**ATTORNEYS' FEES[26]**

If you decide that Plaintiff is entitled to damages, you must base your calculation of damages only on the factors that I have given to you.  You must not take into account attorneys' fees, interest or any other factor.  Those matters, if necessary, will be taken care of separately by the Court after you have returned your verdict.

---

[26] *Dague v. City of Burlington*, 976 F.2d 801, 804 (2d Cir. 1992); *Collins v. Alco Parking Corp.*, 448 F.3d 652, 657 (3d Cir. 2006).

33

## INSTRUCTION NO. 22.

## SPECIAL VERDICT[27]

Your verdict will take the form of a special verdict comprising your answers to written questions.  Your answer to each question must reflect your unanimous verdict on each question. In a few moments, I will give you the verdict form with the questions for you to answer and you will retire to deliberate your decision.

Dated:  New York, New York
        July 2, 2018

                                        PROSKAUER ROSE LLP

                                        By:   /s/ Bettina B. Plevan

                                        Bettina B. Plevan
                                        Steven D. Hurd
                                        Rachel S. Fischer
                                        P. Kramer Rice
                                        Eleven Times Square
                                        New York, NY 10036
                                        Ph.: (212) 969-3000
                                        Fax: (212) 969-2900
                                        bplevan@proskauer.com
                                        rfischer@proskauer.com
                                        *Attorneys for Defendant*
                                        *Columbia University*

---

[27] Hon. Leonard B. Sand *et al.*, *Modern Federal Jury Instructions – Civil* ¶ 78.01, Instruction 78-9 (2017) (as modified).