Bettina B. Plevan
Steven D. Hurd
Rachel S. Fischer
P. Kramer Rice
PROSKAUER ROSE LLP
Eleven Times Square
New York, NY 10036
(212) 969-3000
*Attorneys for Defendant*
*Columbia University*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
ENRICHETTA RAVINA,                              :
                                                :   Case No.:   1:16-cv-02137 (RA)
                  Plaintiff,                    :
                                                :
       v.                                       :   **ECF CASE**
                                                :
COLUMBIA UNIVERSITY AKA THE                     :
TRUSTEES OF COLUMBIA UNIVERSITY IN              :
THE CITY OF NEW YORK AND GEERT                  :
BEKAERT,                                        :
                                                :
                  Defendants.                   :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

**COLUMBIA'S MEMORANDUM OF LAW IN OPPOSITION TO
PLAINTIFF'S MOTION FOR BIFURCATION**

# INTRODUCTION

Plaintiff Enrichetta Ravina ("Plaintiff" or "Ravina") does not dispute that her only claims of discrimination are brought under the New York City Human Rights Law ("NYCHRL"), and that those claims for back and front pay are treated as claims for money damages and considered to be a legal remedy for the jury to decide. Nevertheless she asks this Court to adopt her purported "efficient trial plan", of selective bifurcation of liability and some damages issues at trial. But Plaintiff's request does nothing to promote efficiency and, notably, ignores governing law. It will result in multiple presentments of the same evidence and arguments addressing the same facts. Plaintiff also ignores that under the Cat's Paw theory of liability, which Plaintiff must rely on in order to prove liability as to Columbia on the majority of her claims, the testimony and documentary evidence necessarily overlaps with the damages, as it does on her retaliation claim. Similarly, Plaintiff's separate attempt to bifurcate consideration of punitive liability and damages, the first during the main trial and the second in a separate hearing, ignores the legal standard reserving the issue of punitive liability and damages for the Court. In sum, rather than promote efficiency and fairness, Plaintiff's bifurcation proposal will artificially separate related issues for consideration by the jury and is contrary to established law. Accordingly, the Court should deny Plaintiff's request to impose an inefficient and unfairly prejudicial bifurcated trial plan.

**ARGUMENT**

I.     **PLAINTIFF'S ALLEGED ECONOMIC DAMAGES ARE FOR THE JURY.**

It is undisputed that under the NYCHRL, claims for back and front pay[1] are treated as claims for money damages and considered to be a legal remedy for the jury to decide. *See Chisholm v. Mem'l Sloan-Kettering Cancer Ctr.*, 824 F. Supp. 2d 573, 576 (S.D.N.Y. 2011) ("[A]ny form of money damages . . . is a legal remedy to be decided by the jury . . . ."); *Murphy v. Am. Home Prods. Corp.*, 136 A.D.2d 229 (1st Dep't 1988); *Sass v. MTA Bus Co.*, 6 F. Supp. 3d 238, 254 (E.D.N.Y. 2014). Plaintiff cannot avoid a jury by arguing it is more efficient to have these issues heard by the Court or a special master, especially since Plaintiff's sole remaining discrimination claims are under the NYCHRL. (Plaintiff's Memorandum of Law ("Mem." at 4.) Thus, Plaintiff's suggestion that evidence of her alleged economic damages be heard by the Court or a special master is contrary to the law.

II.    **THE ISSUES OF LIABILITY AND ECONOMIC DAMAGES ARE INTERTWINED AND WILL REQUIRE AN EVALUATION OF THE SAME WITNESSES AND DOCUMENTARY EVIDENCE.**

Plaintiff wrongly claims that issues of back pay and front pay are separate from Defendants' liability and that presentation of evidence during the trial concerning her alleged economic damages such as compensation levels and benefits, would result in inefficiency and jury confusion. Fed. R. Civ. P. 42(b) requires factual and legal analyses on a case-by-case basis of the record generated by each particular request for bifurcation." *Monaghan v. SZS 33 Assocs., L.P.*, 827 F. Supp. 233, 245 (S.D.N.Y. 1993). *See Altman v. New Rochelle Pub. Sch. Dist.*, No. 13 Civ.

---

[1] Plaintiff has suffered no lost income to date. Because Plaintiff's front pay claim is entirely speculative, Defendants will seek dismissal at the close of Plaintiff's case. *See, e.g., Dunlap-McCuller v. Reise Org.*, 980 F.2d 153, 159 (2d Cir. 1992) (front pay cannot be speculative).

3253 (NSR), 2017 WL 66326, at *14 (S.D.N.Y. Jan. 6, 2017) (denying bifurcation in wrongful termination action). "[W]here 'the issues of liability and damages are intertwined,' separating those phases is unlikely to promote the primary interests bifurcation is designed to serve[.]" *Id.*

It is undisputed that once Plaintiff was denied tenure, she was required to leave Columbia.  Therefore, the basis for such damages claim rests upon her contention that if she had not been discriminated or retaliated against she would have had additional time or different circumstances and would have conducted sufficient scholarly research and achieved a satisfactory publication record to obtain tenure, entitling her to a certain level of economic benefit moving forward.  Thus, the tenure and leave decisions and whether Plaintiff has been damaged are inextricably intertwined and the witnesses and documentary proof will substantially overlap.

Furthermore, application of the Cat's Paw theory of liability, which Plaintiff must utilize to prove that Columbia is liable on the majority of her causes of action, necessarily requires overlapping consideration of any resulting damages.  Specifically, Plaintiff must show that Professor Bekaert discriminatorily and negatively impacted her ability to conduct quality research and publish a sufficient number of articles in premier journals with the intent that she would be denied a request for a leave of absence and tenure, and that Columbia acted negligently in allowing Bekaert to manipulate and play a decisive role in those decisions.  Such a showing is intrinsic to her claims for both back and front pay damages, as her denial of tenure is central to any claim for loss of salary or benefits.  The interconnectedness of the liability and damages claims against Columbia and Professor Bekaert and the overlapping witness and documentary proof make Plaintiff's proposed bifurcation of economic damages inefficient. *Cf. Johnson v. BAE Sys. Land & Armaments, L.P.*, No. 12 Civ. 1790 (SAF), 2014 WL 1714487, at *36 (N.D.

Tex. Apr. 30, 2014) (refusing to conduct two separate trials involving cat's paw theory of liability because it would be inefficient, and claims of discrimination and retaliation presented common questions of law and fact). To have to recall witnesses who testified at the liability phase about the tenure and leave decisions and about how the decisions would not have impacted the alleged damages resulting from the denial of tenure would be duplicative and a burden to the witnesses, the jury and the Court.

Plaintiff cannot pick and choose which issues go before the jury to avoid the jury hearing evidence that may hurt her case under the guise of efficiency. There is plainly no efficiency to having the jury consider economic damages evidence separately from compensatory damages and separate from the evidence that will explain that her record would not warrant granting tenure even with additional time allowed for more publications. Plaintiff has not shown or even argued that anything about Defendants' evidence on economic damages would prejudice her case on liability. Rather, Plaintiff is attempting to limit the type of substantive evidence that Columbia can introduce concerning Plaintiff's record of poor performance at Columbia which, as discussed above, is a necessary component of its defense on the theory of liability that predominates this action.

### III.   ISSUE OF PUNITIVE DAMAGES IS GIVEN TO JURY ONLY IF LIABILITY IS ESTABLISHED.

Plaintiff also misstates and mischaracterizes the law with respect to the consideration of punitive damages in seeking that liability be heard by the jury but damages heard by the Court. For the reasons set forth in Columbia's Motion *in Limine* to Preclude Certain Testimony and Evidence, Columbia contends that the issue of punitive damages should not be presented to the jury, and any related evidence in any event should be precluded from the liability phase of trial so as to avoid undue prejudice to Defendants. Instead, the Court should sever the issue of

punitive damages from the liability and compensatory damages phase of the trial as is customary, and preclude reference to Columbia's net worth at the liability phase of trial. The issue of punitive damages should not go to the jury because there is no evidence of willful conduct. Plaintiff cannot argue in the alternative simply because she incorrectly believes it will be more efficient. (Mem. at 6.) *See, e.g., Peirano v. Momentive Specialty Chems., Inc.*, No. 11 Civ. 281 (EAS), 2012 WL 5389830, at *1 (S.D. Ohio Nov. 5, 2012) (segregating punitive damages proceedings in action involving cat's paw theory of liability to after case-in-chief).

## CONCLUSION

For the reasons set forth above, the Court should deny "Plaintiff's Motion to Adopt an Efficient Trial Plan."

Dated: July 2, 2018    PROSKAUER ROSE LLP
      New York, New York

Respectfully submitted,

*/s/ Bettina B. Plevan*
Bettina B. Plevan
Steven D. Hurd
Rachel S. Fischer
P. Kramer Rice
Eleven Times Square
New York, NY 10036
(212) 969-3000

*Attorneys for Defendant
Columbia University*