

Proskauer Rose LLP   Eleven Times Square   New York, NY 10036-8299

July 9, 2018

Bettina B. Plevan
Member of the Firm
d +1.212.969.3065
f 212.969.2900
bplevan@proskauer.com
www.proskauer.com

<u>**VIA ECF**</u>

Hon. Ronnie Abrams
United States District Court
Southern District of New York
40 Foley Square, Room 2203
New York, New York 10007

      Re:    *Ravina v. Columbia University a/k/a The Trustees of Columbia University in the City of New York and Geert Bekaert*, No. 1:16-cv-02137-RA

Dear Judge Abrams:

We represent Columbia in the matter referenced above and write in opposition to Plaintiff's request for permission to conduct nine one-hour depositions of Defendants' witnesses within the next four days (Dkt. No. 224). As described in Columbia's opposition to Plaintiff's motion *in limine* to preclude its witnesses (Dkt. No. 194), Plaintiff cannot credibly claim that she has been subjected to a "trial by ambush" because Columbia's witnesses were all disclosed during discovery, and Columbia amended its Rule 26 disclosures *a year ago* to add the additional witnesses Plaintiff complains of now. Plaintiff's request should be denied because there is simply no basis for ordering this extreme measure on the facts presented here.

The Court has already denied Plaintiff's motion *in limine* to preclude the witnesses that Plaintiff now seeks to depose because Plaintiff "has been aware of Columbia's witnesses and their relevance to this case for some time. (7/5/18 Tr. 28-29.) If Plaintiff wanted to try to reopen fact discovery to depose these individuals she could have done so a year ago. Permitting Plaintiff to conduct nighttime depositions after Court in the midst of trial—after she sat on her hands for a year—would be highly prejudicial to Columbia and unfairly inconvenient to its witnesses.

Not one of the cases Plaintiff cites in her letter support the extreme relief she is seeking because in all of the cases cited in her letter there was ample time for the parties to conduct depositions in advance of trial. The parties had five weeks to conduct depositions in *Coleman v. City of Niagra Falls*, No. 09 Civ. 157S, 2015 WL 4208602 (W.D.N.Y. July 10, 2015) and *Leong v. 127 Glen Head Inc.*, No. 13 Civ. 5528, 2016 WL 845325 (E.D.N.Y. Mar. 2, 2016). In *Design Strategies, Inc. v. Davis* the Court stated expressly that it was only permitting the previously undisclosed witness to be deposed because there was enough time to do so before trial. 228 F.R.D. 210, 212 (S.D.N.Y. 2005) ("there is sufficient time-nine days-for Design to conduct an adequate deposition of Grieco prior to the start of trial, if it so wishes.")

**Proskauer»**

Hon. Ronnie Abrams, U.S.D.J.
July 9, 2018
Page 2

The same cannot be said here. Plaintiff has known of Defendants' witnesses for years. They were mentioned in discovery repeatedly and the majority of the witnesses Plaintiff complains of were disclosed in Columbia's Amended Initial Disclosures last July. The Court has already denied Plaintiff's motion *in limine* and Plaintiff's latest application should be denied as well.

We thank the Court for its consideration.

Sincerely,

*/s/ Bettina B. Plevan*