Proskauer Rose LLP   Eleven Times Square   New York, NY 10036-8299

July 22, 2018

Bettina B. Plevan
Member of the Firm
d +1.212.969.3065
f 212.969.2900
bplevan@proskauer.com
www.proskauer.com

**Via E-mail and ECF**

The Honorable Ronnie Abrams
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

> Re: *Ravina v. Columbia University a/k/a The Trustees of Columbia University in the City of New York and Geert Bekaert*, **No. 1:16-cv-02137-RA**

Dear Judge Abrams:

We write on behalf of Defendant Columbia University ("Columbia" or the "University") to address the standard for establishing a claim of retaliation against Columbia based on the conduct of a non-supervisory employee (Professor Bekeart) under the New York City Human Rights Law ("NYCHRL").

**I.  The Jury Should Not Be Charged on Any Claim of Retaliation Based Upon Professor Bekaert's Conduct**

The jury should not receive any charge on retaliation because Plaintiff has failed to present evidence that Professor Bekaert's conduct qualifies as retaliatory conduct. In relevant part, § 8-107(7) of the New York City Human Rights Law makes it unlawful to retaliate against any person who has engaged in protected activity by (i) opposing discriminatory conduct, (ii) filing a complaint, testifying or assisting in any proceeding relating to discriminatory conduct, or (iii) commencing a civil action alleging discrimination. N.Y.C. Admin. Code § 8-107(7). Plaintiff must show that any retaliatory act complained of is "reasonably likely to deter [that] person from engaging in protected activity." *Id.* Plaintiff did not engage in any "protected activity" until July 2014, and she has not proffered evidence that Professor Bekaert engaged in any behavior thereafter that would deter a reasonable person from engaging in protected activity.

What Plaintiff has characterized as "retaliation" (*i.e.,* that Professor Bekaert obstructed her research opportunities after she rejected his advances) is the conduct that Plaintiff cites as an element of her *quid pro quo* harassment claim, not conduct that flowed from her engaging in any protected activity and indeed this alleged conduct entirely preceded her engaging in protected activity. It is therefore not relevant to and cannot establish retaliation.

Moreover, the text of § 8-107(7) in effect contemplates that the acts of retaliation be known to the plaintiff since this provision requires the plaintiff to show that the retaliatory act complained of is reasonably likely to deter that person from engaging in protected activity.

**Proskauer»**

Judge Abrams
July 22, 2018
Page 2

Plaintiff, however, was not and could not have been deterred in any way and only learned of allegedly disparaging e-mails in litigation much later. *See Felder v. Filion*, No. 903CV516DNHRFT, 2006 WL 8435089, at *5 (N.D.N.Y. Sept. 5, 2006), *report and recommendation adopted,* No. 9:03-CV-516, 2006 WL 8435072 (N.D.N.Y. Nov. 21, 2006) (plaintiff who did not know of allegedly improper conduct would not be deterred to engage in protected activity because of it). And even then, any allegedly disparaging e-mails privately sent by Professor Bekaert to select co-authors amount to nothing more than annoyances insufficient to deter a person from engaging in protected activity as a matter of law. *See, e.g., Bermudez v. City of New York*, 783 F. Supp. 2d 560, 592 (S.D.N.Y. 2011) ("Even under the NYCHRL's more lenient standard for claims of retaliation, [colleague's] insulting statement alone is not a retaliatory act, because it did not affect the terms and conditions of employment and, while insulting, would not deter a person from engaging in a protected activity"); *McWhite v. New York City Hous. Auth.*, No. 05 CV 0991 NG LB, 2008 WL 1699446, at *13 (E.D.N.Y. Apr. 10, 2008) (noting that supervisor's alleged directive to employees "not to speak with plaintiff are exactly the type of 'minor annoyances' and 'lack of good manners' that would not deter a reasonable person from filing a charge of discrimination" under the NYCHRL).

Because Plaintiff has failed to meet her burden of proving facts sufficient to prove retaliation, she is not entitled to a jury instruction on the issue of retaliation based on Professor Bekaert's conduct.

## II.     On the Facts Alleged Here, the Rule of Strict Liability of Employers for Retaliation Under the NYCHRL Does Not Apply

The only alleged facts purportedly supporting Plaintiff's NYCHRL claim of retaliatory conduct by Professor Bekaert are intertwined with the underlying hostile work environment allegations and cannot be divorced from the facts forming the basis of that claim, liability for which is analyzed under N.Y.C. Admin. Code. §§ 8-107(1) and (13)(b), as opposed to §§ 8-107(7) and 13(a) as Plaintiff argues. According to Plaintiff, after she complained about Professor Bekaert's alleged sexual harassment, Professor Bekaert in essence created a retaliatory hostile work environment by disparaging her in the academic and finance communities. Therefore, this claim of retaliation should be interpreted under subsection 13(b), which provides defenses to Columbia for Professor Bekaert's alleged conduct.

The issue presented appears to be one of first impression: Can an employer be held strictly liable for the retaliatory acts committed by one co-worker against another in creating hostile working conditions? The cases Plaintiff cites do not answer the question at issue because those cases only concerned retaliation by managerial or supervisory employees. *See Hernandez v. PFIP, LLC*, No. 14 CIV. 4069 (LGS), 2015 WL 7758875, at *6 (S.D.N.Y. Dec. 1, 2015) (finding plaintiff's supervisor and employer potentially liable for retaliation under the NYCHRL); *Ponce v. 480 E. 21st St.*, LLC, No. 12 CIV. 4828 ILG JMA, 2013 WL 4543622, at *4 (E.D.N.Y. Aug. 28, 2013) (in housing context, determining that building owners and management company may be liable for alleged retaliatory act arising from dispute between

**Proskauer»**

Judge Abrams
July 22, 2018
Page 3

plaintiff-tenant and superintendent); *Artis v. Random House, Inc.*, 34 Misc. 3d 858, 867, 936 N.Y.S.2d 479, 486 (Sup. Ct. 2011) (identifying alleged acts of retaliation by employees with managerial or supervisory authority in analyzing NYCHRL retaliation claim). As the Court has previously concluded that Professor Bekaert was not Plaintiff's supervisor, *Hernandez*, *Ponce*, and *Artis*, are inapplicable.

Section 8-107(13)(a) provides that "[a]n employer shall be liable for an unlawful discriminatory practice based upon the conduct of an employee or agent that is in violation of any provision of this section other than subdivisions 1 and 2 of this section."

Section 8-107(13)(b) provides that an employer may be held liable for an unlawful discriminatory practice under subdivisions 1 and 2 of this section in three circumstances:

> (1) the employee or agent exercised managerial or supervisory responsibility; or (2) the employer knew of the employee's or agent's discriminatory conduct, and acquiesced in such conduct or failed to take immediate and appropriate corrective action; an employer shall be deemed to have knowledge of an employee's or agent's discriminatory conduct where that conduct was known by another employee or agent who exercised managerial or supervisory responsibility; or (3) the employer should have known of the employee's or agent's discriminatory conduct and failed to exercise reasonable diligence to prevent such discriminatory conduct.

Section 8-107(13)(a)-(b) cannot be interpreted without the reference and context of §§ 8-107(1) and (7) of the NYCHRL, which govern claims for harassment and retaliation respectively. Indeed, the plain meaning rule that Plaintiff appears to advocate requires that statutory provisions be interpreted in context of the statute as a whole. *See* N.Y. Stat. Law § 97 (McKinney) (Under New York law, "[a] statute or legislative act is to be construed as a whole, and all parts of an act are to be read and construed together to determine the legislative intent").

Here, Plaintiff's retaliation allegations concerning Professor Bekaert are inextricably intertwined and are part and parcel of her hostile work environment claim. Plaintiff claims that after she complained about Professor Bekaert's alleged harassment, he continued to make her work environment hostile by disparaging her to her peers. These alleged acts by a co-worker bring the issue within the ambit of 13(b) rather than 13(a). Indeed, no courts appear to have held, as Plaintiff attempts to suggest, that a co-worker's allegedly retaliatory harassment can lead to an employer's strict liability. As the Court determined, Professor Bekaert was not Plaintiff's supervisor. Thus, only the second and third standards under subsection 13(b) apply to Columbia, and those sections provide defenses to Columbia's liability for a co-worker's actions.

For the reasons set forth above, the jury should not be charged on the issue of retaliation based on Professor Bekaert's conduct, or, in the alternative, should only receive a charge on retaliation under the standard set forth in N.Y.C. Admin. Code § 8-107(13)(b).

# Proskauer»

Judge Abrams
July 22, 2018
Page 4

Respectfully submitted,

*/s/ Bettina B. Plevan*

Bettina B. Plevan

cc: All counsel of record (via e-mail and ECF)