|  |  |
|---|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK | USDC-SDNY<br>DOCUMENT<br>ELECTRONICALLY FILED<br>DOC#:<br>DATE FILED: 3/19/20 |

ENRICHETTA RAVINA,

                          Plaintiff,

           -v-                                        No. 16-CV-2137 (RA)

COLUMBIA UNIVERSITY and GEERT                  ORDER
BEKAERT,

                          Defendants.

RONNIE ABRAMS, United States District Judge:

       On March 6, 2020, the Court issued an Opinion and Order awarding Ravina $1,336,861.63 in attorneys' fees and $222,390.08 in costs for a total award of $1,559,251.71. Dkt. 391. The Court calculated the attorneys' fee award by determining the "lodestar—the product of a reasonable hourly rate and the reasonable number of hours required by the case—which creates a presumptively reasonable fee." *Stanczyk v. City of New York*, 752 F.3d 273, 284 (2d Cir. 2014) (quoting *Millea v. Metro-N. R.R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011)). "In determining the number of hours reasonably expended for purposes of calculating the lodestar, the district court should exclude excessive, redundant or otherwise unnecessary hours." *Quaratino v. Tiffany & Co.*, 166 F.3d 422, 425 (2d Cir. 1999). The Court therefore reduced Ravina's requested hours by seventy-five percent total: thirty-five percent to account for the excessive hours expended and inefficient staffing, five percent to account for the vague time entries and block billing, and thirty-five percent to account for Ravina's lack of success on her claims based on Columbia's conduct.

       Ravina now moves for a correction of her attorneys' fee award, asserting—incorrectly— that the Court "made a mathematical error" when it reduced her hours by seventy-five percent.

Dkt. 392.  She argues that the Court should instead have reduced her hours by 59.8625% by using the following formula: $1 - (0.65 * 0.65 * 0.95) = 0.598625$.  Yet the Court intentionally determined that Ravina's hours should be reduced by 75% by using the following formula: $1 - (0.35 + 0.35 + 0.05) = 0.25$.  This calculation reflects the Court's deliberate determination that compensating Ravina for more than 25% of her attorneys' 13,284 billed hours would be unreasonable—it was not the result of inadvertence or mathematical error.  In so holding, the Court followed the established method of calculating reasonable hours in this Circuit.  For example, in *Kirsch v. Fleet Street, Ltd.*, 148 F.3d 149, 172 (2d Cir. 1998), the Second Circuit upheld the district court's reduction of the plaintiff's compensable hours by 50% to account for the plaintiff's lack of success on one of two claims, and by an additional 20% to account for vague and inconsistent time entries—leading to a total reduction by 70%.  Accordingly, it was well within this Court's discretion to calculate Ravina's total reduction in hours by adding the three categories of reductions together.

      Plaintiff's motion for a correction of her attorneys' fee award is therefore denied.  The Clerk of Court is respectfully directed to termination the motion pending at Docket Entry 392.

SO ORDERED.

Dated:    March 19, 2020
             New York, New York

                                                      Ronnie Abrams
                                                      United States District Judge